UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES SECURITIES AND EXCHANGE COMMISSION**  Plaintiff,  v.  **JOSEPH F. DOODY IV, JOSEPH F. DOODY, and DIANE C. NEILEY**  Defendants. | Civil Action No.: 02-2932 |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER AND CONSOLIDATE CASE FOR ADMINISTRATION OF DISTRIBUTION FUND**

This case is one of five pending in five different courts in three different Districts in which defendants settled civil actions brought by the plaintiff, the Securities and Exchange Commission ("Commission"), alleging insider trading in the securities of BetzDearborn Inc. before it was publicly announced that BetzDearborn was to be acquired by Hercules Inc. All defendants, including the three defendants in this action, consented to disgorge their profits and pay a penalty, among other relief, if they were financially able to do so. As of November 5, 2003, the disgorgement amount deposited in the Court's registry as settlement of this action was $43,227.02. The largest disgorgement total among the five BetzDearborn actions was nearly $1.3 million. That amount was disgorged in *SEC v. Rodolfo Luzardo, Elias I. Kodsi, and Alain D. Kodsi*, 01 Civ. 9206 (DC) (S.D.N.Y.).

In view of the fact that the largest disgorgement was made in *SEC v. Luzardo*, the Commission moved the presiding judge in that case, the Honorable Denny Chin, to appoint an

administrator to oversee distribution of the disgorged amount to injured investors. In order to increase the efficiency of the distribution, the Commission also asked Judge Chin to agree to accept transfer and consolidation of all five actions involving insider trading in BetzDearborn so that the distribution could be completed by a single administrator pursuant to a distribution plan to be approved by Judge Chin. Counsel for all defendants in all five actions were served with the Commission's motion and supporting memorandum. No defendant objected to the transfer and consolidation plan. Judge Chin granted the Commission's motion on January 22, 2004. A copy of Judge Chin's Order is attached hereto.

In order to effect Judge Chin's order and to efficiently distribute disgorged funds to injured investors through a single distribution plan under Judge Chin's supervision, the Commission moves that this Court grant an Order in the form attached hereto transferring this matter, including the disgorged funds and accrued interest, to the United States District Court for the Southern District of New York for consolidation with *SEC v. Luzardo*.

## **RELEVANT FACTS**

**1.    The Cases to Be Consolidated**

All five cases sought to be transferred and consolidated for distribution of disgorged funds involve insider trading by the defendants in BetzDearborn securities before the July 30, 1998 announcement that BetzDearborn would be merged into Hercules Inc. Like the captioned matter, all five cases resulted in settlements in which the defendants neither admitted nor denied liability for violating Section 10(b) of the Securities and Exchange Act of 1934 and Rule 10b-5 thereunder (securities fraud), were enjoined from further violations of the law and, when financially able, were ordered to disgorge their insider trading profits and pay a penalty.

The four other cases are:

*SEC v. Luzardo*, 01 Civ. 9206 (S.D.N.Y., Judge Chin). The disgorged amount, plus interest, in the Court's registry of the Southern District of New York in this case totaled $1,290,932.03 as of November 4, 2003.

*SEC v. Livinsky*, *et al.*, 02 Civ. 0312 (S.D.N.Y., Judge McKenna). The disgorged amount, plus interest, in the Court's registry of the Southern District of New York in this case totaled $20,323.86 as of November 4, 2003.

*SEC v. Bugenhagen, et al.*, 01 Civ. 6538 (E.D. Pa., Judge Surrick).The disgorged amount, plus interest, in the Court's registry of the Eastern District of Pennsylvania in this case totaled $345,640.66 as of November 4, 2003.

*SEC v. Straub, et al.*, 1:02CV01128 (D.D.C., Judge Sullivan). The disgorged amount, plus interest, in the Court's registry of the District for the District of Columbia in this case totaled $46,471.41 as of November 5, 2003.

The total distribution fund to be administered, including the disgorgement in the captioned matter, was $1,746,594.98 as of November 5, 2003.

**2.      How The Cases Are to Be Consolidated and Funds Distributed**

Having obtained Judge Chin's consent to the transfer and consolidation in his Court, the Commission is moving the other four courts to have their cases transferred to Judge Chin in order to effect a joint distribution of the funds to injured investors under a single administrator, Ralph M. Stone, Esq. Mr. Stone was recommended by the Commission after a competitive review of several candidates and approved by Judge Chin. The Commission also moves that this Court order the Clerk of the Court to transfer the disgorged funds and accrued interest in the

Court's registry to the court registry of the Southern District of New York under *SEC v. Luzardo*. When this process is completed, the administrator will submit a plan of distribution to Judge Chin and seek authorization to transfer the funds to a distribution plan administration account which will bear interest and in which the principal will be secure. The funds will then be distributed according to the distribution plan approved by Judge Chin. The administrator will periodically petition Judge Chin for payment of expenses and fees from the distribution fund, submitting a final report and fee petition to Judge Chin when distribution is completed. The distribution plan anticipates no further involvement by this Court in the distribution once the funds are transferred to the Southern District of New York.

    **3.    Selection of Ralph M. Stone, Esq.**

The Commission staff obtained proposals from four law firms seeking appointment as administrator of the consolidated disgorgement funds. The staff compared the fees expected to be charged and examined the experience of each bidder. A committee of three attorneys in the Commission's Division of Enforcement determined that Mr. Stone's proposal was the best combination of relatively low fees and experience. Judge Chin reviewed the curriculum vita and other information presented by the Commission in support of Mr. Stone and granted the Commission's motion that he be appointed.

## ARGUMENT

Transfer and consolidation of the five BetzDearborn insider trading cases for distribution of unlawful profits to injured investors at the direction of one administrator subject to approval of one court is fair, pragmatic and will result in substantial savings of judicial resources and the just, efficient and economical conduct of litigation.

Establishing five distribution plans under five administrators, or even requiring the approval of five different courts of a single distribution plan administered by the same administrator, would needlessly multiply the costs of distribution, reducing the amount available to the injured investors, and require the attention of several judges. These costs could be multiplied if one or more courts required modifications of the distribution plan, requiring additional submissions to gain unanimous approval or, worse, resolving a conflict among the courts. All of these problems, actual and potential, will be avoided by transfer and consolidation of the cases for administration of the distribution.

No defendant is prejudiced by the transfer and consolidation. Settlements have been entered in each case. The interests of the defendants are at best peripheral. No defendant or witness need appear in any courtroom. Although counsel for each of the defendants will be served with motions and memoranda as the distribution process proceeds, the defendants are not required or expected to respond to or oppose the requested relief. It is the job of the administrator, the Commission and the Court to ascertain the most equitable means of dividing the disgorged funds among defrauded investors.

Judge Chin's Court is objectively the appropriate forum for oversight of the distribution process. Nearly half of the disgorged funds arose from the settlement of the case brought in his Court and the proposed administrator is located in the Southern District of New York.

## **CONCLUSION**

For the reasons stated above, the Commission requests that its motion for the transfer and consolidation of this matter with *SEC v. Rodolfo Luzardo, Elias I. Kodsi, and Alain D. Kodsi*, 01 Civ. 9206 (DC) (S.D.N.Y.) and for an Order requiring the Clerk of the Court to transfer all funds

5

in the

Court's registry related to this matter to the court registry in *SEC v. Luzardo* in the Southern

District of New York be granted. A proposed Order to this effect is filed herewith.

Date: February    , 2004                          Respectfully submitted,

 

_____
James A. Kidney
John P. Sherry
Counsel for Plaintiff
Securities and Exchange Commission
450 Fifth St., N.W.
Stop 9-11
Washington, D.C. 20549-0911
202-942-4797 (Kidney)
202-942-9581 (Fax)

## CERTIFICATE OF SERVICE

       The undersigned counsel for plaintiff, the Securities and Exchange Commission, hereby certifies that copies of the attached Plaintiff's Motion to Transfer and Consolidate Case for Administration of Distribution Fund, (Proposed) Order Granting Plaintiff's Motion to Transfer and Consolidate Case for Administration of Distribution Fund, and memorandum in support thereof were served via first class mail, postage pre-paid, on the following defense counsel:

Matthew D. Anhut, Esq.
Bryan Cave LLP
120 Broadway, Suite 300
Santa Monica, California 90401-2386
Counsel for JOSEPH F. DOODY IV

David Smith, Esq.
Schnader Harrison Segal & Lewis LLP
1600 Market Street, Suite 3600
Philadelphia, PA 19103-7286
Counsel for JOSEPH F. DOODY

Glenn R. Reichardt, Esq.
Kirkpatrick & Lockhart LLP
1800 Massachusetts Avenue, NW
Washington, DC 20036-1221
Counsel to DIANE C. NEILEY

                                                                                                               _____
                                                        Counsel for the Securities and
                                                                 Exchange Commission